REQUESTED BY: Georgie Scurfield, Chairperson,
State Foster Care Review Board
You requested our opinion on three specific questions related to the State Foster Care Review Board's (Board) authority as set forth in NEB. REV. STAT. § 43-1301, et seq. (Reissue 2008):
Question #1: The statute [NEB. REV. STAT. § 43-1303(3) (Reissue 2008)] clearly states that the Board has the authority to make these visits, but can that authority be delegated to the State Foster Care Review Board staff?
Question #2: Can the Foster Care Review Board delegate to non-employee volunteer agents its authority to visit and observe foster care facilities?
Question #3: Is it totally up to the Foster Care Review Board to create and implement rules, regulations and procedures by which non-employee volunteer agents visit and observer foster care facilities?
With respect to the first two questions, we conclude that Neb. Rev. Stat. § 43-1302(2) in providing "the State Board shall employ or contract for services from such persons as are necessary to aid in carrying out its duties," gives the Board appropriate authority to delegate to individuals, both staff and non-staff members, the ability to conduct facility visits.
In response to your third question, we conclude that the Board has been granted specific authority in Neb. Rev. Rules § 43-1303(2) to "adopt and promulgate its own rules and regulations."
DISCUSSION
The Board was created in 1982 by the passage of LB 714, the Foster Care Review Act. The purpose of the Act was to provide for periodic review of "cases of children who have resided in public or private foster care for a period of more than six months to determine what efforts have been made by the supervising agency or child-caring institution to carry out the plan for rehabilitation or permanent placement." Introducer's Statement of Intent on LB 714, 87th Neb. Leg., 2d Sess. (January 19, 1982). Discussion of the Act addressed provisions that the Board shall visit and observe foster care facilities and have responsibility for appointing each of the local boards. In 1990 the Act was amended by LB 1222. Incorporated in the discussion of that bill was the shortage of personnel to perform the duties assigned to the Board. As a result the Act was amended to provide for, among other things, the authority to employ or contract with persons to enable the Board to carry out its duties.
The duties of the Board are found in Neb. Rev. Stat. §§ 43-1301 et.seq. (Reissue 2008). . A specific list of duties is found at NEB. REV. STAT. § 43-1308 In addition to these duties, the Board is to prepare reports and make recommendations to the Department of Health and Human Services, the county welfare offices, and the courts having authority to make foster care placements. NEB. REV. STAT. § 43-1303(3). In order to fulfill its reporting duties, the "[B]oard may may visit and observe foster care facilities in order to ascertain whether the individual physical, psychological, and sociological needs of each foster child are being met." Id.; see NEB. REV. STAT. § 43-1316 (Reissue 2008) ("The court shall, when reviewing the foster care status of a child, determine whether the individual physical, psychological, and sociological needs of the child are being met. The health and safety of the child are of paramount concern in such review.").
Question #1: The statute [NEB. REV. STAT. § 43-1303(3)] clearly states that the Board has the authority to make these visits, but can that authority be delegated to the State Foster Care Review Board staff?
Presently, NEB. REV. STAT. § 43-1302(2) (Reissue 2008) states, in relevant part: "The state board shall employ or contract for services from such persons as are necessary to aid it in carrying out its duties." Id. This language is clear and unambiguous; the Board may "employ" persons to carry out the Board's duties. Under a plain reading of this language, we see nothing within § 43-1302(2) that limits the Board's authority to delegate to its employees the duty to visit and observe foster care facilities.
Question #2: Can the Foster Care Review Board delegate to non-employee volunteer agents its authority to visit and observe foster care facilities?
Similar to Question #1 above, § 43-1302(2) is clear and unambiguous that the Board may utilize other persons to perform the duties of the Board. Thus, again, we see nothing within § 43-1302(2) that limits the Board's authority to contract with or employ volunteers to visit and observe foster care facilities as part of the Board's reporting duties.
Question #3: Is it totally up to the Foster Care Review Board to create and implement rules, regulations and procedures by which non-employee volunteer agents visit and observer foster care facilities?
"A legislative enactment may properly confer general powers upon an administrative agency and delegate to the agency the power to make rules and regulations covering the details of the legislative purpose. Board of Regents v. County of Lancaster, 154 Neb. 398, 48 N.W.2d 221." State ex rel. Douglas v. Nebraska Mortgage Finance, 204 Neb. 445, 466, 283 N.W.2d 12, 25 (1979). Neb. Rev. Stat. § 84-901(1) (Reissue 2008), provides, "(1) Agency shall mean each board . . . authorized by law to make rules and regulations." The Board is such an agency as the Legislature in creating the Board provided in NEB. REV. STAT. §43-1303(2):
The state board shall review the activities of local boards and may adopt and promulgate its own rules and regulations. Such rules and regulations shall provide for the following:
 (a) Establishment of training programs for local board members which shall include an initial training program and periodic inservice training programs;
 (b) Development of procedures for local boards;
 (c) Establishment of a central record-keeping facility for all local board files, including individual case reviews;
 (d) Accumulation of data and the making of annual reports on children in foster care. Such reports shall include (i) personal data on length of time in foster care, (ii) number of placements, (iii) frequency and results of court review, and (iv) number of children supervised by the foster care programs in the state annually;
 (e) To the extent not prohibited by section 43-1310, evaluation of the judicial and administrative data collected on foster care and the dissemination of such data to the judiciary, public and private agencies, the department, and members of the public; and
 (f) Manner in which the state board shall determine the appropriateness of requesting a review hearing as provided for in section 43-1313
We believe the foregoing subsection provides authority for the Board to promulgate rules and regulations in two general areas. Subsections (a) through (c) allow the board to adopt rules and regulations with respect to activities of the local boards, while paragraph (2) and subsections (d) through (f) allow the Board to adopt rules and regulations with respect to general and specific duties of the Board. As noted above, one of the duties of the Board is to visit and observe foster care facilities. To the extent the Board desires to create rules and regulations outlining how volunteers may perform this duty, we believe § 43-1303(2) provides this authority.
CONCLUSION
Predicated upon the foregoing it is our opinion the Board has authority to delegate to the Board's staff and to non-employee volunteers the authority to visit and observe foster care facilities. It is our further opinion the Board has the statutory authority to create its own rules and regulations that would govern non-employee volunteers when they visit and observe foster care facilities.
Very truly yours,
 JON BRUNING Attorney General
 Frederick J. Coffman Assistant Attorney General
Approved by:
 ___________________________ Attorney General